# IN RE LOWRY'S APPEAL.

### PATENTS; PATENTABILITY; ANTICIPATION.

A claim for a traveling carrier of a hog-hoisting machine, the essential feature of which is chain-pendants permanently attached to the carrier, *held* to be anticipated by an endless carrier for hoisting building material, having rod-pendants permanently attached thereto, the uses of the two devices being practically the same, as by substituting the chain for the rod attached to the carrier of the reference the latter would be available for drawing hogs from the pen to the hoisting-point in the manner described by appellant.

No. 118. Patent Appeals. Submitted March 14, 1899. Decided April 4, 1899.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting a certain claim in an application for a patent. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Frank T. Brown* and *Mr. Samuel E. Darby* for the appellant.

*Mr. W. A. Megrath* for the Commissioner of Patents.

Mr. Justice SHEPARD delivered the opinion of the Court:

The application of the appellant, George A. Lowry, for a patent for an improvement in hog-hoisting machines having been denied by each tribunal of the Patent Office in succession, he has appealed from the final decision of the Commissioner.

Certain claims of the application were allowed, but the broad claims, numbered 15 and 18, were rejected.

The appeal is confined to the rejection of claim 15, which reads as follows:

"In a hog-hoisting machine, a traveling carrier, supporting-pendants permanently attached thereto, said supporting-pendants being pivotally mounted to swing in intersecting plane and adapted to receive and deliver the hogs to be hoisted; as and for the purpose set forth."

The machine is intended for use in slaughtering houses to remove live hogs from the pen, and hoist and deposit them upon a sticking-rail, where, suspended by their hind legs, they may be readily butchered.

The old operation, which the claimed invention is intended to supersede, consisted in attaching the shackling-chain to the hind leg of the hog, dragging it to the proper place under the endless hoisting-chain, and hooking the shackling-chain therein. It was then hoisted to the sticking-rail. Dragging the hog from the farther side of the pen involves extra hand labor, it is claimed, and sometimes results in injury both to the handler and the animal. To overcome this, the applicant attaches permanent pendant chains at reasonable intervals to the hoisting-chain. These, made of any desired length, are fastened to the shackling-chain, and serve to drag the hog across the pen, as well as to hoist it to the rail above.

Granting that this may be a useful improvement upon the hoisting-machine as formerly operated, does it also disclose patentable novelty?

The tribunals of the Patent Office, upon reference to the former patents of Lyons, Mahoney, Berg, and others, were of the opinion that the improvement was not the product of the inventive faculties, but of mechanical skill merely.

We agree with the Commissioner that, comparing those patents with the broad claim of invention herein made by the appellant, the latter involves nothing more than what is reasonably obvious to persons skilled in the art and seeking improvements therein.

Mahoney's patent shows a pendant chain that is not permanently attached to the carrier. Whilst this could be readily done, his device, as described, is not intended and could not be made to operate with a permanent attachment because of an essentially different mode of transferring the suspended hog to the sticking rail.

Notwithstanding the difference between the two devices, in construction and operation, in respect of the manner of detaching the hog from the carrier at the desired point, the claim would seem to be broad enough to cover the hoisting from one story of the building to another by means of the pendant chain interposed between the carrier and the shackling-chain affixed to the leg of the hog. In this view, there could be no patentable difference between the detachable and the permanently attached pendant chain. Both would do the same work in drawing the hog across the pen, and this is the chief point of excellence claimed for the chain of the application. Whether the one might operate with slightly more speed than the other would be immaterial. Even if the claim be not susceptible of so broad an interpretation, there remains, nevertheless, the pendant chain interposed between the carrier and the shackling-chain, which, though not permanently attached to the former, answers the purpose of drawing the hog from any part of the pen to the

point where the hoisting begins. This fact is of importance in connection with the other references, even if the patent, standing alone, would be insufficient to bar the appellant's claim of invention. The patent to Lyons, however, shows the endless carrier with pendants permanently attached and pivoted to swing in certain directions only. These, like the pendant chains of the appellant, are attached to the carrier by means of bearings arranged to form links or parts thereof. They consist of rods upon which the objects to be hoisted are hooked or fastened, and are so made because the device is specially intended for use in hoisting materials in the building of houses. The buckets or vessels containing the materials must necessarily be conveyed by independent means to the point where the hoisting begins. Substituting chains for these rods when better adapted for use in hoisting other objects would not constitute invention. Nor does the appellant limit himself to the use of chains. The claim is broadly for supporting pendants, and in his specifications the description is: "Suitably supported by and dependent from the carrier is a series of short sections of chains, or other suitable pendants."

The Berg patent is for a device for removing goods or materials from one part of a building to another and to upper floors by means of small cars running upon a track and drawn by an overhead endless chain or cable. A short chain is hooked to the cable at one end, and into a chain attached to the car at the other, and the car is drawn along levels and up inclines as desired. This and the device of appellant are so different in point of construction, and the relations between them are otherwise so remote, that we can not say they show a case of double use accomplished by ordinary mechanical skill. Therefore, this reference, even when considered in connection with the others, is entitled to little, if any weight.

The Lyons patent is the one upon which the rejection must, in the main, be made to rest. The Mahoney, and

possibly the Berg patent, supplement this merely by suggesting additional sources from which the appellant, by the use of ordinary mechanical skill, might have obtained the notion of his construction.

We can not agree with the appellant that there is such a difference between his device and that of Lyons as to justify the disregard of the latter. Their uses are practically the same. Substitute the chain for the rod attached to Lyons' carrier, and it would be available for drawing hogs from the pen to the hoisting point in the manner described by appellant. *In re Smith, ante,* p. 181, decided Feb. 7, 1899; *In re Briggs,* 9 App. D. C. 478, 481; *In re Draper,* 11 App. D. C. 545.

We need not go further into the claim in respect of mounting the pendants pivotally to swing in intersecting planes further than to say that if a useful purpose is accomplished thereby—a matter that is by no means clear—it does not involve invention.

The decision of the Commissioner is affirmed, and the proceeding herein will be certified to him, as required by law.

*Affirmed.*